IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 23-cv-00120-PAB

RYLEE AND CRU, INC., a California corporation,

    Plaintiff,

v.

HUI ZHU, an individual, and
RYLEE-CRU.COM,

    Defendants.

---

**ORDER**

---

This matter comes before the Court on that portion of plaintiff Rylee and Cru, Inc.'s *Ex Parte* Application for Temporary Restraining Order and OSC Re Preliminary Injunction [Docket No. 2] that seeks a preliminary injunction, Plaintiff's Supplemental Memorandum in Support of *Ex Parte* Application for Temporary Restraining Order and OSC Re Preliminary Injunction [Docket No. 18], and the preliminary injunction hearings held on January 30, 2023 and February 9, 2023. Docket Nos. 14, 19. No defendant has responded to plaintiff's motion for a preliminary injunction. The Court has jurisdiction over the case under 28 U.S.C. § 1331 and § 1338(a).

**I. BACKGROUND**

The action is brought by Rylee and Cru, Inc. ("R&C"), a clothing company that sells its products on its website, www.ryleeandcru.com. Docket No. 2 at 9. R&C claims that the domain name www.rylee-cru.com, registered with the domain registrar Name.com, is a "legitimate-looking counterfeit web store" that sells products "posing as

authentic R&C goods." Docket No. 1 at 1. The Court assumes the parties' familiarity with the background facts of this case, which are set forth in the Court's order granting in part plaintiff's motion for a temporary restraining order ("TRO"), Docket No. 7, which will not be repeated here except as necessary to resolve plaintiff's motion.

On January 13, 2023, R&C filed a motion seeking a TRO on all four of its claims against defendants. Docket No. 2. R&C's first, second, and third claims are alleged against defendant Hui Zhu, the individual listed as the registrant for www.rylee-cru.com. Docket No. 1 at 12-18, ¶¶ 32-64. R&C's fourth claim is an in rem cybersquatting claim alleged against www.rylee-cru.com. *Id.* at 19, ¶¶ 65-70. The Court granted R&C's motion in part, issuing a TRO against defendant Hui Zhu on R&C's second and third claims. *See generally* Docket No. 7. At the preliminary injunction hearing on February 9, 2023, the Court denied R&C's motion for a preliminary injunction as to R&C's first, second, and third claims because R&C failed to demonstrate that the Court has personal jurisdiction over defendant Hui Zhu. Docket No. 19 at 1. The Court deferred ruling on R&C's motion for a preliminary injunction as to its fourth claim.

On February 22, 2023, R&C filed a declaration certifying that it published notice of the action in the South China Morning Post for five consecutive days. Docket No. 20.

## II. LEGAL STANDARD

To succeed on a motion for a preliminary injunction, the moving party must show (1) a likelihood of success on the merits; (2) a likelihood that the movant will suffer irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in the movant's favor; and (4) that the injunction is in the public interest. *RoDa Drilling Co. v. Siegal*, 552 F.3d 1203, 1208 (10th Cir. 2009) (citing *Winter v. Natural Resources*

*Defense Council, Inc.*, 555 US. 7, 20 (2008)); *see Little v. Jones*, 607 F.3d 1245, 1251 (10th Cir. 2010)). "[B]ecause a preliminary injunction is an extraordinary remedy, the right to relief must be clear and unequivocal." *Beltronics USA, Inc. v. Midwest Inventory Distribution, LLC*, 562 F.3d 1067, 1070 (10th Cir. 2009) (quoting *Greater Yellowstone Coalition v. Flowers*, 321 F.3d 1250, 1256 (10th Cir. 2003)) (internal quotation marks omitted). Granting such "drastic relief," *United States ex rel. Citizen Band Potawatomi Indian Tribe of Oklahoma v. Enter. Mgmt. Consultants, Inc.,* 883 F.2d 886, 888-89 (10th Cir. 1989), is the "exception rather than the rule." *GTE Corp. v. Williams*, 731 F.2d 676, 678 (10th Cir. 1984).

## III. ANALYSIS

### A.  Requirements for an In Rem Action

The Anti-Cybersquatting Consumer Protection Act ("the Act") permits in rem actions against a domain name that violates the rights of a trademark owner. 15 U.S.C. § 1125(d). Such an action requires that the trademark owner is either (1) unable to obtain in personam jurisdiction over a person who registered, trafficked in, or used the infringing domain name, or (2) unable to find such person. 15 U.S.C. § 1125(d)(2)(A)(ii). R&C has submitted a domain name registration agreement that, according to R&C, all domain name registrants with Name.com are required to agree to. Docket No. 1-4. This domain registration agreement includes a forum-selection clause requiring the registrant to submit to personal jurisdiction in all state and federal districts that include Denver, Colorado. *Id.* at 7-8. However, R&C has not produced evidence that defendant Hui Zhu signed such an agreement or "is even aware that Name.com is a Colorado company, or that [defendant Hui] read or was aware of the forum selection

3

clause in Name.com's Registration Agreement." *AMBI Distribution Corp. v. Doe,* No. 21-cv-1961-WJM-NYW, 2021 WL 3269234, at *4 (D. Colo. July 28, 2021). Therefore, R&C has failed to show that the forum selection clause of Name.com's standard agreement constitutes defendant Hui Zhu's waiver of personal jurisdiction. *See id.* at *4-6 (holding that the forum-selection clause in Name.com's registration agreement did not grant the court personal jurisdiction over defendant because plaintiff was unable to demonstrate that the defendant agreed to the forum selection clause). For this reason, R&C has satisfied the first requirement to pursue an in rem action against www.rylee-cru.com under the Act. 15 U.S.C. § 1125(d)(2)(A)(ii).

The Act further requires the trademark owner to send notice of the alleged violation and intent to proceed with an in rem suit against the infringing domain name to the registrant of the domain name at the postal and email addresses provided by the registrant at the time the website was registered and to publish notice of the action as the court may direct. 15 U.S.C. § 1125(d)(2)(A)(ii)(II). R&C has provided the requisite email notice to defendant Hui at the email address used to register the domain name www.rylee-cru.com. Docket No. 1-3. R&C submitted a declaration that the postal address that defendant Hui Zhu used to register the domain name does not exist and is therefore not a legitimate postal address. Docket No. 18-1 at 2. R&C has further certified that it published notice of the action for five days in the South China Morning Post, an English language newspaper published in Hong Kong, Docket No. 20, pursuant to the Court's direction on February 9, 2023. Docket No. 19. Therefore, the Court finds that R&C has satisfied the second requirement to pursue an in rem action

against www.rylee-cru.com.  Accordingly, the Court finds that R&C has satisfied the requirements for an in rem suit under the Act.

### B. Preliminary Injunction Standards

#### *1. Likelihood of Success on the Merits*

To prevail on a cybersquatting claim, a plaintiff must demonstrate: "(1) that its trademark . . . was distinctive at the time of registration of the domain name, (2) that the domain names registered by [defendant] are identical or confusingly similar to the trademark, and (3) that [defendant] used or registered the domain names with a bad faith intent to profit."  *Utah Lighthouse Ministry v. Foundation for Apologetic Information and Research,* 527 F.3d 1045, 1057 (10th Cir. 2008).

In *Utah Lighthouse Ministry,* plaintiff brought trademark and cybersquatting claims based on defendant's alleged infringement of its mark: "UTAH LIGHTHOUSE." *See generally id.* at 1049.  When evaluating the trademark claim, the Tenth Circuit pointed out that the plaintiff had not registered the mark until after plaintiff had commenced its lawsuit.  *Id.* at 1050.  Tenth Circuit also concluded that that "UTAH LIGHTHOUSE" was a generic or descriptive trademark, but that plaintiffs had failed to demonstrate that the mark had acquired a secondary meaning, which is required for such a trademark to be considered "distinctive."  *Id.* at 1050-51.  The Tenth Circuit held that plaintiff had failed to establish distinctiveness for purposes of its cybersquatting claim because plaintiff failed to show that the mark was distinctive for purposes of its trademark claim and that plaintiff had also failed to show that the mark was distinctive at the time that plaintiff's domain name was registered.  *Id.* at 1057.

Unlike the *Utah Lighthouse Ministry* plaintiff, R&C has alleged that it registered its mark "RYLEE + CRU" in 2016.  Docket No. 2 at 9; *see also* Docket No. 1-5.  Furthermore, unlike "UTAH LIGHTHOUSE," "RYLEE + CRU" is neither generic nor descriptive.  *Donchez v. Coors Brewing Co.*, 392 F.3d 1211, 1216 (10th Cir. 2004) ("A mark is generic if it is a common description of products or services and refers to the genus of which the particular product or service is a species.  A mark is descriptive if it describes the product's or service's features, qualities, or ingredients in ordinary language or describes the use to which the product or service is put.") (citing *Lane Capital Mgmt., Inc. v. Lane Capital Mgmt., Inc.,* 192 F.3d 337, 334 (2nd Cir. 1999) (alterations omitted)).  RYLEE + CRU is an arbitrary mark rather than a generic or descriptive one and, as such, it is inherently distinctive.[1]  *Id.* (defining arbitrary marks as "common words applied in unfamiliar ways" and holding that such marks are inherently distinctive) (quoting *U.S. Search, LLC v. U.S. Search.com, Inc.*, 300 F.3d 517, 523 (4th Cir. 2002)).  Because the mark is inherently distinctive, it stands to reason that it was distinctive at the time that R&C registered the domain name www.ryleeandcru.com.  As such, R&C has shown a likelihood of success in proving the first element of its cybersquatting claim.

R&C has also demonstrated that the domain name for the defendant website is "identical or confusingly similar to the trademark" since www.rylee-cru.com is

---

[1] R&C states that the "RYLEE + CRU® brand was inspired by the creator's own children, named Rylee and Cru."  Docket No. 1 at 5.  This description supports the conclusion that the mark is not generic, descriptive, suggestive, or fanciful.  *See Donchez*, 392 F.3d at 1216 (citation omitted) (explaining that generic, descriptive, and suggestive marks suggest or describe features of a product or service, and that fanciful marks are made-up words invented for their use as marks).  Accordingly, RYLEE + CRU is best categorized as an arbitrary mark.  *Id.*

confusingly similar to R&C's mark "RYLEE + CRU." *Utah Lighthouse Ministry,* 527 F.3d at 1057.  Further, as the Court held in its previous order, the defendant domain is used for commercial purposes and R&C has sufficiently alleged bad faith by defendant Hui Zhu.  Docket No. 7 at 4, 14.  Accordingly, R&C has demonstrated that it is likely to succeed on the merits of its in rem cybersquatting claim.

### *2.  Irreparable Harm*

Under the 2020 Trademark Modernization Act, a plaintiff seeking a temporary restraining order on the basis of a cybersquatting claim "shall be entitled to a rebuttable presumption of irreparable harm upon . . . a finding of likelihood of success on the merits."  15 U.S.C. § 1116(a).  Because R&C has demonstrated a likelihood of success on the merits of its in rem cybersquatting claim, it is entitled to the presumption of irreparable harm.

### *3. Balance of Equities and Public Interest*

R&C alleges that the website found at www.rylee-cru.com is "not authorized to sell any authentic RYLEE + CRU® goods and has no actual affiliation with R&C or its legitimate brand."  Docket No. 2 at 19.  The public has an interest in avoiding customer confusion resulting from cybersquatting.  *See, e.g., YETI Coolers, LLC v. allramblerdeal.com*, 2018 WL 7144855, at *3 (S.D. Fla. Dec. 14, 2018) (finding that the public interest and balance of equities favored granting plaintiff's preliminary injunction where cybersquatting and the sale of counterfeit and infringing products would result in violation of plaintiff's trademark rights and "the public . . . being defrauded by the palming off of counterfeit goods at Plaintiff's genuine goods").  Therefore, the balance of

hardships and the public interest weighs in favor of granting a preliminary injunction as to R&C's in rem cybersquatting claim.

Accordingly, R&C has shown entitlement to a preliminary injunction under all four factors concerning its in rem cybersquatting claim.

## IV.  SCOPE OF THE ORDER

R&C asks the Court to order the "provisional transfer of . . . www.rylee-cru.com to R&C."  Docket No. 2 at 20.  The Act grants the Court the authority to order "the forfeiture or cancellation of the domain name or the transfer of the domain name to the owner of the mark" in an in rem cybersquatting action.  15 U.S.C. § 1125(d)(2)(D)(i).  Accordingly, the Court finds that it has authority under the Act to enjoin Name.com, the nonparty domain name registrar of www.rylee-cru.com.

## V.  SECURITY

Under Fed. R. Civ. P. 65(c), "[t]he court may issue a preliminary injunction or a temporary restraining order only if the movant gives security in an amount that the court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained."  In its order granting R&C's motion for a TRO, the Court ordered R&C to post a bond in the amount of $5,000.  Docket No. 7 at 15.  R&C did so on January 26, 2023.  Docket No. 10.  The Court will not require R&C to provide additional security for the purposes of a preliminary injunction.  *See Import Fresh Direct, LLC v. Premier Trading, LLC,* No. 14-cv-0877-WJM-MJW, 2014 WL 1631000, at *8 (D. Colo. Apr. 23, 2014) (granting a preliminary injunction without requiring plaintiff to post additional security after plaintiff had already provided security

in compliance with the preceding temporary restraining order); *Wells Fargo Bank, N.A. v. Maynahonah,* 2011 WL 3876519, at *15 (W.D. Okla. Sep. 2, 2011) (same).

## VI. CONCLUSION

Based on these findings, it is

**ORDERED** that the portion of Plaintiff Rylee and Cru, Inc.'s *Ex Parte* Application for Temporary Restraining Order and OSC Re Preliminary Injunction [Docket No. 2] that seeks a preliminary injunction is **GRANTED**. It is further

**ORDERED** that Name.com shall transfer the domain name www.rylee-cru.com to plaintiff Rylee and Cru, Inc. on or before March 1, 2023.[2]

DATED February 23, 2023.

BY THE COURT:

PHILIP A. BRIMMER
Chief United States District Judge

---

[2] While "preliminary injunctions that afford the movant all the relief that it could recover at the conclusion of a full trial on the merits" are disfavored, *O Centro Espirita Beneficiente Uniao Do Vegetal v. Ashcroft*, 389 F.3d 973, 975 (10th Cir. 2004) (en banc), *aff'd Gonzales v. O Centro Espirita Beneficiente Uniao Do Vegetal*, 546 U.S. 418 (2006), should the circumstances warrant, the Court can order the return of the domain name www.rylee-cru.com to Name.com.