IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 23-cv-00120-PAB-STV

RYLEE AND CRU, INC., a California corporation,

    Plaintiff,

v.

HUI ZHU, an individual, and
RYLEE-CRU.COM,

    Defendants.

---

# ORDER

---

This matter comes before the Court on Plaintiff's Notice of Motion and Motion for Default Judgment and Return of Bond [Docket No. 28].

## I. BACKGROUND

### A. Factual Allegations[1]

The action is brought by Rylee and Cru, Inc. ("R&C"), a clothing company that sells its products on its website, www.ryleeandcru.com. Docket No. 1 at 5, 7, ¶¶ 12, 14. R&C owns the registered trademark "RYLEE + CRU." *See* Docket No. 1-2 at 7. The domain name www.rylee-cru.com, registered with the domain registrar Name.com, is a "legitimate-looking counterfeit web store" that sells products "posing as authentic R&C goods." Docket No. 1 at 1. Defendant Hui Zhu registered the domain name www.rylee-

---

[1] Because of the Clerk of Court's entry of default against defendant www.rylee-cru.com, *see* Docket No. 24, the factual allegations in plaintiff's complaint, Docket No. 1, are deemed admitted. *See Olcott v. Del. Flood Co.*, 327 F.3d 1115, 1125 (10th Cir. 2003).

cru.com using an email address and a physical address located in China. *Id.* at 3, ¶ 2; *see also* Docket No. 1-1.

### B.  Procedural History

R&C filed this action on January 13, 2023 against rylee-cru.com (the "infringing website") and defendant Hui Zhu. Docket No. 1. R&C's complaint brings three claims against defendant Hui Zhu: (1) cybersquatting in violation of 15 U.S.C. § 1125(d); (2) copyright infringement in violation of 15 U.S.C. § 1125; and (3) trademark infringement in violation of 15 U.S.C. § 1114. *Id.* at 12-18, ¶¶ 32-64. R&C's complaint brings one claim against defendant rylee-cru.com— *in rem* cybersquatting in violation of 15 U.S.C. § 1125(d)(2). *Id.* at 19, ¶¶ 65-70.

On the same day it filed the complaint, R&C filed a motion for a temporary restraining order and preliminary injunction. Docket No. 2. The motion sought the "takedown of the Infringing Site . . . and a provisional transfer of the domain to Plaintiff." *Id.* at 8. On January 23, 2023, the Court entered a temporary restraining order against defendant Hui Zhu, ordering defendant Hui Zhu to "cause www.rylee-cru.com to be disabled, taken down, and removed from Name.com or any other domain registrar" and ordering defendant Hui Zhu not to "operate or maintain www.rylee-cru.com . . . [or] use that website to advertise, promote, offer to sell, sell, distribute, or transfer any products depicted therein." Docket No. 7 at 15. In addition, the Court ordered R&C to post a bond of $5,000 with the Clerk of the Court. *Id.* R&C posted the bond on January 26, 2023. Docket No. 10.

The Court held preliminary injunction hearings on January 30, 2023, and February 9, 2023. Docket Nos. 14, 19. At the February 9, 2023 hearing, the Court

denied R&C's motion for a preliminary injunction as to R&C's first, second, and third claims because R&C failed to demonstrate that the Court has personal jurisdiction over defendant Hui Zhu.  Docket No. 19 at 1; Docket No. 21 at 2.  The Court deferred ruling on R&C's motion for a preliminary injunction as to its in rem cybersquatting claim against www.rylee-cru.com, Docket No. 19 at 1, and instead ordered R&C to provide notice of the action by publication.  *Id.*; *see* 15 U.S.C. § 1125(d)(2)(A)(ii)(II)(bb).  On February 22, 2023, R&C filed a declaration certifying that it published notice of the action in the South China Morning Post for five consecutive days in accordance with the Court's order.  Docket No. 20.  On February 23, 2023, the Court granted R&C's motion for a preliminary injunction as to its fourth claim, ordering the domain registrar, Name.com, to transfer the domain name www.rylee-cru.com to R&C.  Docket No. 21 at 9.

On June 6, 2023, R&C filed a motion for the entry of default against defendant www.rylee-cru.com.  Docket No. 23.  The Clerk of Court entered default.  Docket No. 24.  On October 26, 2023, R&C filed a motion for default judgment against www.rylee-cru.com.  Docket No. 28.  R&C's motion "seeks injunctive relief ordering all necessary acts for the 'transfer of the domain name to the owner of the mark' . . . including: (1) that the Defendants and Name.com or other current Registrar to take any further steps required to make permanent the prior transfer under the preliminary injunction order (Dkt. 21), (2) in the event the prior transfer has not remained in effect, to take any other steps necessary to place ownership of the domain name to R&C, and (3) Defendant Zhu and all those acting in concern [sic] shall take no steps to interfere with the transfer or ongoing ownership of R&C of the domain Rylee-cru.com."  Docket No. 28-1 at 2-3

3

(quoting 15 U.S.C. § 1125(d)).  R&C's motion also requests the release of the bond that it posted in this action.  *Id.* at 3.

## II. LEGAL STANDARD

In order to obtain a judgment by default, a party must follow the two-step process described in Fed. R. Civ. P. 55.  First, the party must seek an entry of default from the Clerk of the Court under Rule 55(a).  Second, after default has been entered by the Clerk, the party must seek judgment under the strictures of Rule 55(b).  *See Williams v. Smithson*, 57 F.3d 1081, 1995 WL 365988, at *1 (10th Cir. June 20, 1995) (unpublished table decision) (citing *Meehan v. Snow*, 652 F.2d 274, 276 (2d Cir. 1981)).

The decision to enter default judgment is "committed to the district court's sound discretion."  *Olcott*, 327 F.3d at 1124 (citation omitted).  In exercising that discretion, the Court considers that "[s]trong policies favor resolution of disputes on their merits." *Ruplinger v. Rains*, 946 F.2d 731, 732 (10th Cir. 1991) (quotation and citations omitted). "The default judgment must normally be viewed as available only when the adversary process has been halted because of an essentially unresponsive party."  *Id.*  It serves to protect a plaintiff against "interminable delay and continued uncertainty as to his rights." *Id.* at 733.  When "ruling on a motion for default judgment, the court may rely on detailed affidavits or documentary evidence to determine the appropriate sum for the default judgment."  *Seme v. E&H Prof'l Sec. Co., Inc.*, No. 08-cv-01569-RPM-KMT, 2010 WL 1553786, at *11 (D. Colo. Mar. 19, 2010).

A party may not simply sit out the litigation without consequence.  *See Cessna Fin. Corp. v. Bielenberg Masonry Contracting, Inc.*, 715 F.2d 1442, 1444-45 (10th Cir. 1983) ("a workable system of justice requires that litigants not be free to appear at their

4

pleasure. We therefore must hold parties and their attorneys to a reasonably high standard of diligence in observing the courts' rules of procedure. The threat of judgment by default serves as an incentive to meet this standard."). One such consequence is that, upon the entry of default against a defendant, the well-pleaded allegations in the complaint are deemed admitted. *See* 10A Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure* § 2688.1 (4th ed., 2023 rev.). "Even after default, however, it remains for the court to consider whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit conclusions of law." *Id*. A court need not accept conclusory allegations. *Moffett v. Halliburton Energy Servs., Inc.,* 291 F.3d 1227, 1232 (10th Cir. 2002). Although "[s]pecific facts are not necessary" in order to state a claim, *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)), the well-pleaded facts must "permit the court to infer more than the mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (quotations and alterations omitted). Thus, even though modern rules of pleading are somewhat forgiving, "a complaint still must contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." *Bryson v. Gonzales*, 534 F.3d 1282, 1286 (10th Cir. 2008) (quotation and citation omitted).

### III. ANALYSIS

#### A. Jurisdiction

Before addressing the merits of R&C's motion for default judgment, the Court must determine whether it has subject matter jurisdiction over the case and in rem

jurisdiction over www.rylee-cru.com.  *See Dennis Garberg & Assocs., Inc. v. Pack-Tech Int'l Corp.*, 115 F.3d 767, 772 (10th Cir. 1997) (holding that "a district court must determine whether it has jurisdiction over the defendant before entering judgment by default against a party who has not appeared in the case").  The Court finds that is has federal question subject matter jurisdiction under 28 U.S.C. § 1331 because R&C's cybersquatting claim arises under federal law.  *See* 15 U.S.C. § 1125(d).

### 1. In Rem Jurisdiction

The Anti-Cybersquatting Consumer Protection Act ("ACPA") permits in rem actions against domain names that violate the rights of trademark owners.  15 U.S.C. § 1125(d)(2)(A).  Trademark owners may bring such an action if they are (1) unable to obtain in personam jurisdiction over a person who registered, trafficked in, or used the infringing domain name, or (2) unable to find such person.  15 U.S.C. § 1125(d)(2)(A)(ii).  In addition, the ACPA requires the trademark owner to send notice of the alleged violation and intent to proceed with an in rem suit against the infringing domain name to the registrant of the domain name at the postal and email addresses provided by the registrant at the time the website was registered and to publish notice of the action as the court may direct.  15 U.S.C. § 1125(d)(2)(A)(ii)(II).  In its February 23, 2023 order granting in part R&C's motion for a preliminary injunction, the Court found that R&C had satisfied the requirements for an in rem suit under the ACPA because R&C had been unable to obtain in personam jurisdiction over defendant Hui Zhu and R&C had provided notice to the domain name registrant as required by the ACPA and in accordance with the Court's February 9, 2023 order.  Docket No. 21 at 4-5; *see* Docket Nos. 19, 20.

6

The ACPA provides that the "owner of a mark may file an in rem civil action against a domain name in the judicial district in which the domain name registrar, domain name registry, or other domain name authority that registered or assigned the domain name is located." 15 U.S.C. § 1125(d)(2)(A). The infringing website is registered with the domain registrar Name.com, which is located in Denver, Colorado. Docket No. 1 at 4, ¶ 7. Therefore, the Court finds that it has in rem jurisdiction over www.rylee-cru.com. *See Harrods Ltd. v. Sixty Internet Domain Names*, 302 F.3d 214, 225 (4th Cir. 2002) (holding that, in a cybersquatting action brought under the ACPA, "courts in Virginia, the state where the Domain Names are registered, may constitutionally exercise in rem jurisdiction over them").

### B. Liability

To prevail on a cybersquatting claim, a plaintiff must demonstrate: "(1) that its trademark . . . was distinctive at the time of registration of the domain name, (2) that the domain names registered by [defendant] are identical or confusingly similar to the trademark, and (3) that [defendant] used or registered the domain names with a bad faith intent to profit." *Utah Lighthouse Ministry v. Foundation for Apologetic Information and Research,* 527 F.3d 1045, 1057 (10th Cir. 2008). The Court finds that all three of these requirements are satisfied. First, as the Court held in its February 23, 2023 order, R&C's mark, RYLEE + CRU, is inherently distinctive and was therefore distinctive at the time of registration of the domain name. *See* Docket No. 21 at 5-6. Second, as the Court held in its February 23, 2023 order, the infringing domain name, www.ryle-cru.com, is confusingly similar to R&C's mark. *See id.* at 6-7. Third, as the Court held in its January 23, 2023 order, www.rylee-cru.com has been used for fraudulent

7

commercial purposes.  *See* Docket No 7 at 4, 14.  Accordingly, R&C has established a violation of the ACPA and is entitled to default judgment on its in rem ACPA claim against www.rylee-cru.com.

### C.  Relief

R&C's motion asks the Court to enter a permanent injunction ordering: "(1) that the Defendants and Name.com or other current Registrar [ ] take any further steps required to make permanent the prior transfer under the preliminary injunction order (Dkt. 21), (2) in the event the prior transfer has not remained in effect, [Defendants and Name.com] take any other steps necessary to place ownership of the domain name to R&C, and (3) Defendant Zhu and all those acting in concern [sic] shall take no steps to interfere with the transfer or ongoing ownership of R&C of the domain Rylee-cru.com." Docket No. 28-1 at 9-10 (footnote added).  As stated above, R&C has failed to demonstrate that the Court has personal jurisdiction over defendant Hui Zhu. Therefore, the Court will not enter an order enjoining defendant Hui Zhu from taking steps to interfere with the transfer or ongoing ownership of R&C of www.rylee-cru.com. *See Zepeda v. United States I.N.S.*, 753 F.2d 719, 727 (9th Cir. 1983) ("A federal court may issue an injunction if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons not before the court."); *SEBO Am., LLC v. Azar*, No. 20-cv-03015-NYW, 2021 WL 720170, at *7 (D. Colo. Feb. 24, 2021) ("Without personal jurisdiction, the court lacks authority to consider, or grant, the injunctive relief sought."); *Sinochem Int'l Co. Ltd. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 430-31 (2007).  The ACPA states that the "remedies in an in rem action under this paragraph shall be limited to a court order for the forfeiture

or cancellation of the domain name or the transfer of the domain name to the owner of the mark." 15 U.S.C. § 1125(d)(2)(D)(i). Therefore, the Court has the authority under the ACPA to order the permanent transfer of www.rylee-cru.com to R&C.

The Supreme Court has held that "a plaintiff seeking a permanent injunction must satisfy a four-factor test before a court may grant such relief. A plaintiff must demonstrate: (1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction." *eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391 (2006).

Under the 2020 Trademark Modernization Act, a plaintiff seeking a permanent injunction on the basis of a cybersquatting claim "shall be entitled to a rebuttable presumption of irreparable harm upon a finding of a violation" of the ACPA. 15 U.S.C. § 1116(a). Because the Court has found that www.rylee-cru.com is in violation of the ACPA, R&C is entitled to the presumption of irreparable harm. As stated above, under the ACPA, the only remedies available for an in rem cybersquatting action are equitable: "a court order for the forfeiture or cancellation of the domain name or the transfer of the domain name to the owner of the mark." 15 U.S.C. § 1125(d)(2)(D)(i). Here, the infringing website has no affiliation with R&C and is a counterfeit site that "seeks to deceive people into purchasing counterfeit R&C merchandise." Docket No. 1 at 9, ¶ 24. As the Court found in its February 23, 2023 order, the public has an interest in avoiding confusion resulting from cybersquatting. *See* Docket No. 21 at 7 (citing *YETI Coolers, LLC v. allramblerdeal.com*, 2018 WL 7144855, at *3 (S.D. Fla. Dec. 14,

2018)).  Therefore, the balance of harms and the public interest favor the entry of a permanent injunction.  Thus, all four factors support the entry of a permanent injunction in this case.  The Court will order Name.com to permanently transfer www.rylee-cru.com to R&C.

## IV. CONCLUSION

Therefore, it is

**ORDERED** that Plaintiff's Notice of Motion and Motion for Default Judgment and Return of Bond [Docket No. 28] is **GRANTED**.  It is further

**ORDERED** that Name.com shall permanently transfer the domain name www.rylee-cru.com to plaintiff Rylee and Cru, Inc.  It is further

**ORDERED** that the bond posted by R&C in the amount of $5,000.00, along with accrued interest (if any), is exonerated.  It is further

**ORDERED** that the Clerk of the Court shall send the $5,000.00 deposited as the bond, together with any accrued interest, to R&C's counsel in the form of a check made payable to:

Benjamin Lewis Wagner
Troutman Pepper Hamilton Sanders LLP
11682 El Camino Real, Ste. 400
San Diego, CA 92130-2092.

DATED May 10, 2024.

BY THE COURT:

PHILIP A. BRIMMER
Chief United States District Judge